**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800,<br>Washington, DC 20024,<br><br>and<br><br>THE DAILY CALLER NEWS FOUNDATION,<br>1920 L Street, N.W., Suite 200,<br>Washington, DC 20036,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street NW<br>Washington, DC 20522,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiffs Judicial Watch, Inc. and The Daily Caller News Foundation bring this action against Defendant U.S. Department of State compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.   As grounds therefor, Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Judicial Watch seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Judicial Watch regularly requests records from federal agencies pursuant to FOIA. Judicial Watch analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Plaintiff The Daily Caller News Foundation has its principal place of business at 1920 L Street, N.W., Suite 200, Washington, DC 20036. Founded in 2011 by Tucker Carlson, a 20-year veteran of print and broadcast media, and Neil Patel, former chief policy adviser to Vice President Dick Cheney, DCNF is a 501(c)(3) non-profit organization providing original investigative reporting from a team of professional reporters that operates for the public benefit. DCNF's website reaches approximately three million unique monthly visitors and its content, which is available without charge to any eligible news publisher, is published by The Daily Caller, Yahoo News, Business Insider and a growing host of other media outlets, reaching a combined audience estimated in excess of 30 million readers.

5. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6. On January 19, 2018, Judicial Watch submitted a FOIA request to Defendant seeking:

    A.      Any and all records of communications between State Department officials, including but not limited to former Secretary of State John Kerry, former Secretary of State Hillary Clinton, and Assistant Secretary of State Victoria Nuland, on the one hand, and British National Christopher Steele and/or employees or contractors of Steele's company, Orbis Business Intelligence, on the other hand.

    B.      Any and all records and/or memoranda provided by Christopher Steele and/or his firm Orbis Business Intelligence or by others acting on Steele's/Orbis's behalf, to State Department officials.

The time frame for the requested records is January 20, 2009 through the present.[1]

7. By letter dated February 27, 2018, Defendant acknowledged receiving Judicial Watch's January 19, 2018 FOIA request on January 26, 2018 and informed Judicial Watch that it had assigned the FOIA request Case Control Number F-2018-00827.

8. On February 9, 2018, Judicial Watch submitted a FOIA request to Defendant seeking

    A.      Any and all reports, memoranda, notes, emails and other records provided by the State Department, either by State Department officials directly or through third parties, to British national Christopher Steele and/or his firm, Orbis Business Intelligence.

    B.      Any and all reports, memoranda, notes, emails and other records provided by British national Christopher Steele and/or his firm, Orbis Business Intelligence, either directly or through third parties, to the State Department.

The time frame for the requested records is January 20, 2009 through the present.

9. Judicial Watch's February 9, 2018 FOIA request was sent by certified mail. According to U.S. Postal Service records, Judicial Watch's February 9, 2018 FOIA request was received by Defendant on February 20, 2018.

---

[1] The FOIA request also sought two additional categories of records, which Plaintiff no longer seeks.

10. Defendant assigned Judicial Watch's February 9, 2018 FOIA request Case Control Number F-2018-01467.

11. By emails dated April 11, 2018, Judicial Watch and Defendant agreed to modify the language of Judicial Watch's February 9, 2018 FOIA request to:

> Any and all records in the custody of the State Department related to the provision of documents to British national Christopher Steele and/or his firm, Orbis Business Intelligence, or the receipt of documents from Steele or his firm.   Time period is January 20, 2009 through the present.

12. On January 23, 2018, DCNF submitted a FOIA request to Defendant seeking records created in 2016 by Jonathan M. Winer relating to research compiled by Christopher Steele.

13. By letter dated February 2, 2018, Defendant acknowledged receiving DCNF's January 23, 2018 FOIA request on January 23, 2018 and informed DCNF that it had assigned the FOIA request Case Control Number F-2018-00529.

14. On February 10, 2018, DCNF submitted a FOIA request to Defendant seeking records provided to Defendant by Christopher Steele for the time period of January 1, 2014 to February 10, 2018.

15. By letter dated February 21, 2018, Defendant acknowledged receiving DCNF's February 10, 2018 FOIA request on February 12, 2018 and informed DCNF that it had assigned the FOIA request Case Control Number F-2018-01063.

16. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiffs of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determinations.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiffs reallege paragraphs 1 through 16 as if fully stated herein.

18. Plaintiffs are being irreparably harmed by Defendant's violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

19. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiffs' FOIA requests within the time limits set by FOIA. Accordingly, Defendant's determinations with respect to Judicial Watch's January 19, 2018 and February 9, 2018 FOIA requests were due by February 26, 2018 and March 20, 2018, respectively. In addition, Defendant's determinations with respect to DCNF's January 23, 2018 and February 12, 2018 FOIA requests were due by February 21, 2018 and March 13, 2018, respectively. At a minimum, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiffs the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

20. Because Defendant failed to determine whether to comply with Plaintiffs' FOIA requests, Plaintiffs are deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiffs' FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiffs' FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:   April 25, 2018                                        Respectfully submitted,

                                                                     */s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiffs*